UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN ALLEN,

    Plaintiff,                                         Case number 09-13503
                                                Honorable Julian Abele Cook, Jr.

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

The Plaintiff, Steven Allen, challenges a final decision by the Defendant, Commissioner of Society Security ("Commissioner") that he is not disabled or entitled to disability insurance benefits (DIB) or supplemental social security income (SSI). Relying upon the provisions of Rule 56 of the Federal Rules of Civil Procedure, Allen and the Commissioner have filed separate motions for summary judgment, with each party proclaiming that there are no genuine issues of a material fact to be resolved by the Court in this legal proceeding.

On June 2, 2010, Magistrate Judge Steven Whalen, to whom these two dispositive motions had been submitted for an evaluation, produced a report in which he recommended that the Court (1) deny the Commissioner's motion for summary judgment, and (2) grant Allen's application for dispositive relief, but only to allow the case to be remanded to the administrative level for further proceedings pursuant to 42 U.S.C. § 405(g). No objection to the report was filed by either party.

I.

Allen, who is in his early forties, has earned a GED but has not completed any formal education or training since high school, with the exception of a building construction course offered at a community college near Flint, Michigan. His past work experience includes (1) a part-time position as a "chore provider" which required him to wash dishes and care for the laundry (2) a position as a prep cook (3) a fast food worker, (4) a stock clerk, (5) a maintenance worker, (6) a delivery driver / warehouse worker, and a concrete laborer.

Alleging disability resulting from lumbar back pain, Allen filed an application for DIB and SSI on August 4, 2005. Allen noted that his back pain prevented him from continuing his former work as a concrete laborer. He also indicated that he was unable to either sit or stand for extended periods and that his functional abilities were impeded by (1) numbness in his left leg, where he had been shot in November of 2004, and (2) back problems and pulmonary issues which caused him shortness of breath and required him to take one to two hour naps each day.

After the Social Security Administration denied Allen's claim, he requested a hearing before an administrative law judge (ALJ), who also found that Allen was not disabled. Although the ALJ found that Allen suffered from several severe impairments stemming from his gunshot wound, lumbar pain and history of substance abuse, it doubted Allen's credibility about the intensity and limiting effects of these conditions. The ALJ believed that none of Allen's impairments met or were medically equal to any of the impairments listed in Part 404 Appendix 1 Subpart P of the Social Security Regulations. To the contrary, the ALJ found that Allen retained the residual functional capacity to "perform light work . . . with no climbing of ropes, ladders and scaffolds; and only occasional crouching and crawling, with all work in a well controlled environment with no exposure to extreme temperatures and humidity and no exposure in confined spaces to dust, odors, fumes and

gases . . . ." The ALJ reached this decision based, in part, on the testimony of a vocational expert ("VE") who testified that (1) a person with Allen's profile could perform the work of a cashier, a general office worker, and a bench assembler, but that (2) all work would be precluded if that person could not sustain sufficient concentration, persistence and pace in tasks on a regular and continuing basis, namely for eight hours per day during a five day, 40 hour work week. After considering these findings, the ALJ opined that Allen was able to perform work within the regional economy and thus was not disabled according to the standards of the Social Security Act.

Allen sought a review of this ALJ's decision before the Appeals Council. However, on July 1, 2009, the Appeals Council rejected his request for a review and, in so doing, rendered the ALJ's determination to be the final decision of the Commissioner. Feeling aggrieved, Allen commenced this lawsuit.

## II.

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). When evaluating disability insurance benefit claims, Social Security regulations provide for a five-step inquiry. *See* 20 C.F.R. § 404.1520. The Sixth Circuit Court of Appeals has explained this evaluation process as follows:

> The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work

experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

*Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (internal citations omitted).

The final decision of the Commissioner regarding a disability determination is reviewed by a district court to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence" is considered to be more than a scintilla but less than a preponderance. *Richardson v. Perales,* 402 U.S.C. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Supreme Court, in *Richardson*, stated: "it means such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion." 402 U.S. at 401; *See also, Kirk v. Secretary of Health and Human Services,* 667 F.2d 524, 535 (6th Cir. 1981). Accordingly, "findings based on the credibility of the applicant are to be accorded great weight and deference," and should not be disturbed. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Additionally, the court must evaluate the administrative record as a whole. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

III.

Allen argues that the ALJ made an erroneous determination with respect to his disability because of a critical omission from the hypothetical question that was presented to the vocational expert. Specifically, Allen alleges that the hypothetical question posed to the VE did not account for the ALJ's finding that Allen experienced moderate limitations in concentration, persistence, or pace. The Commissioner, on the other hand, submits that Allen's contentions are legally incorrect and without merit. Responses by a vocational expert to a hypothetical question constitute substantial evidence to support a determination by an ALJ that the claimant is not disabled as long as the

4

hypothetical accurately represents the physical and mental constraints of an applicant. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The hypothetical question "need only include the alleged limitations of the claimant that the administrative law judge accepts as credible and that are supported by the evidence." *Delgado v. Commissioner of Soc. Sec.*, 30 Fed. Appx. 542, 548 (6th Cir. 2002) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Moreover, the ALJ's hypothetical questions to the vocational expert are not required to include the claimant's medical conditions - only the ALJ's "assessment of what [the claimant] can and cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).

Furthermore, the ALJ's findings regarding the credibility of the claimant "are to be accorded great weight and deference, particularly since [he] is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Notwithstanding, the ALJ's determinations must be supported by substantial evidence on the record. *Id.* The Social Security regulations also provide that a claimant's statements regarding his "pain or other symptoms will not alone establish that [he is] disabled[.]" 20 C.F.R. § 404.1529(a). The claimant must demonstrate that there are "medical signs and laboratory findings" which corroborate the alleged impairments and that - when considered with all other evidence - would lead to the conclusion that he is disabled. *Id.*

With regard to his mental condition, Allen testified that he had been treated for depression in the past. However, his treatment was terminated after he showed signs of improvement. Allen also alleged that he suffered from ongoing concentrational problems, noting that he was more forgetful than normal and spent most of each day watching television. In assessing this testimony, the ALJ made an explicit finding that Allen experienced "moderate" deficiencies in concentration,

5

persistence and pace. The magistrate judge correctly noted that, under psychological standards, "moderate" deficiencies suggest the existence of substantial limitations that must be fully incorporated into a hypothetical question. Nevertheless, in its initial hypothetical question to the VE, the ALJ did not include this finding as a factor to be considered. Although the ALJ made a follow up inquiry by asking how the VE's analysis would be impacted if the hypothetical person "cannot sustain sufficient concentration, persistence and pace in doing simple, routine tasks on a regular and continuing basis[ ]," the hypothetical question posed to the VE did not fully account for the extent of Allen's apparent mental impairments. (Tr. 224).

Thus, a review of the record reveals that despite the ALJ's own findings, the VE's opinion about the scope of jobs available to Allen was based on an incomplete set of limitations. As the magistrate properly noted, such findings cannot give rise to substantial evidence. The VE herself suggested and the magistrate judge acknowledged that certain job categories may very well be eliminated if the hypothetical question were to fully include limitations created by "moderate" concentrational difficulties. This Court thus agrees with the magistrate judge's opinion that the case should be remanded for further administrative proceedings, "including a properly crafted RFC and hypothetical question, and further testimony from a VE."

IV.

Accordingly and for the reasons that have been stated above, the Court adopts the recommendation of the magistrate judge in its entirety. Specifically, (1) the Defendant's motion for a summary judgment must be, and is, denied, and (2) Allen's motion for a summary judgment is granted to the extent that the case is hereby remanded to the administrative level for further proceedings.

IT IS SO ORDERED.

Dated: September 30, 2010　　　　　　　　　　s/Julian Abele Cook, Jr.
　　　　Detroit, Michigan　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2010.

　　　　　　　　　　　　　　　　　　　　　　　s/ Kay Doaks
　　　　　　　　　　　　　　　　　　　　　　　Case Manager